**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JASON CORTEZ, CHLOE CORTEZ**           **CASE NO.: 2:18-cv-08971**
    **Plaintiffs,**

**VERSUS**

                                                                                **JUDGE: GUIDRY**

**REGGIE PITRE, TOWN OF GOLDEN**           **MAGISTRATE: WELLS ROBY**
**MEADOW, ABC INSURANCE COS. 1-10**
    **Defendants.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANTS' RESPONSE MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL**

**NOW INTO COURT**, through undersigned counsel, comes the Town of Golden Meadow and Reggie Pitre ("Chief Pitre") in his individual and official capacities, who, with respect, hereby submit the following Response Memorandum in Opposition to Plaintiffs' Reply in Support of their Motion to Compel:

Plaintiffs filed a Motion to Compel on June 27, 2019 (Document #35) challenging the Defendants Responses to Requests for Production No.'s 16 and 18. While the Defendants still questioned the relevance and proportionality of the Requests, in the spirit of good faith and compromise, defendants agreed to provide the documents. On July 23, 2019, this Court granted leave to plaintiffs to file a Reply in Support of their Motion to Compel wherein they supplemented their request for attorneys' fees (Document # 47).

    **I.**    *Reasonable Hours Expended*

Defendants most serious issue with this request is the hours which plaintiffs' attorneys state they spent on drafting the motion and memo. Plaintiffs have the burden of proof to show that their

time records reasonably expend the hours spent on the work, using "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). If the parties failed exercise billing judgment, the hours should be reduced to an amount that is considered reasonable.

In *Jackson*, the court reduced a billing of 4.9 hours on a motion to compel to 2.0 claiming that the motion was standard with no "unique issues of law or fact." *Jackson v. Scott*, 2008 WL 5216225. (See also *Battiste v. Allstate* where the court reduced the hours from 2.7 to 1.5 because the motion was standard. 2008 WL 2787468).

In *Davis v. American Sec. Ins. Co.*, 2008 WL 2228896, first year associate spent 1.6 hours working on the motion to compel and 3.7 hours on the motion for attorneys' fees; the court found these hours to be excessive and reduced them to a total of 3.0 hours. In particular, the court noted that the motion to compel and the motion for attorney's fees were each only three sentences. The court in *Davis* also found that 0.8 hours spent on drafting a memo for a motion to fix attorneys' fees is also excessive and deducted it to 0.5.

Plaintiffs' attorneys have asked the Court for a total 7.6 hours in the filing of the Motion to Compel and its companion documents which they break down to 1.1 hours for Mr. Most and 6.5 hours for Ms. Hass. The Motion to Compel consists of six sentences on a single page double spaced. The memo filed in support of the motion is about 8 pages double spaced and contains copied and pasted information and dialogue. A majority of the memo is them reiterating the facts of the case as well as their claim for attorney's fees on the last two pages.

Defendants contend that 6.5 hours of associate time and 1.1 hours of Mr. Most's time is excessive and that the more appropriate amount of time would be between 1.5 and 2.5 hours. As

such, defendants ask the Court to reduce the billing to an amount that reflects a more accurate billing judgment.

## II. *Reasonably Hourly Rate*

"Attorney's fees must be calculated at the "prevailing market rate in the relevant community for similar services by attorneys of reasonably comparable skills, experience and reputation."" *Davis v. American Sec. Ins. Co.*, 2008 WL 2228896 (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Plaintiffs claim that the above rates are their typical hourly rates, and they have even reduced them slightly for our case. In *Davis*, a first-year associate billing rate was found to be around $125. While there has certainly been in an increase in charges over the last decade, defendants contend a charge of $200 per hour for a second-year associate, seems somewhat high.

In *Drs. Le and Mui, Family Medicine v. St. Paul Travelers,* Civ. A. 06–10015, 2007 WL 4547491, at *2–3 (E.D.La. Dec. 19, 2007), an attorney with seven years' experience was awarded an hourly rate of $175. In *Herrera v. Gretna Food Distribution Center, Inc.,* 2013 WL 3930084, an attorney who had practiced since 1999, but who had only been licensed in Louisiana since 2004, had his fees reduced from an hourly rate of $275 to $200 because the court found the $275 rate unreasonable. Mr. Most has eight years' experience and currently is requesting an hourly rate of $325 which defendants contend is also somewhat high.

## III. *Conclusion*

Considering the above and foregoing, Defendants asserts that the attorney fee request from Plaintiff's attorney should be reduced both in total number of hours and in the rates requested. The total billing hours requested should be reduced and the hourly rates should be adjusted to rates more reasonably related to those similarly awarded in the Eastern District.

*Respectfully submitted:*


*/s/ J. Scott Thomas*
J. Scott Thomas, La. Bar #22635
700 North 10th Street, Suite 440 (70802)
Post Office Box 4327
Baton Rouge, Louisiana 70821
Telephone: (225) 344-5001
Facsimile: (225) 336-5277
Email: sthomas@lma.org
*Attorney for the Town of Golden Meadow*

*and*

 */s/ Keith M. Detweiler*
Keith M. Detweiler, La.S.B. # 20784
**NIELSEN & TREAS, LLC**
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
P: (504)837-2500
F: (504) 832-9165
Email: kdetweiler@nt-lawfirm.com
*Counsel for Defendant Reggie Pitre*


**CERTIFICATE OF SERVICE**


I HEREBY CERTIFY that on this 30th day of July, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.


 */s/ J. Scott Thomas*
 J. Scott Thomas