UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON CORTEZ AND CHLOE CORTEZ**<br>    **PLAINTIFFS,** | **CASE NO.:**<br>**2:18-CV-08971-GGG-KWR** |
| **VERSUS** | **SECTION: "T"** |
| **REGGIE PITRE, TOWN OF GOLDEN MEADOW, ABC INSURANCE COS. 1-10**<br>    **DEFENDANTS.** | **MAGISTRATE: 4** |

*****************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW ADMISSIONS DEEMED ADMITTED ON BEHALF OF ALL DEFENDANTS

NOW INTO COURT, through undersigned counsel, comes Defendants, Reggie Pitre and the Town of Golden Meadow, who respectfully move this Honorable Court to order the withdrawal of the admission deemed admitted by the Plaintiffs for the following reasons, to wit:

On September 26, 2018, Plaintiff filed his lawsuit against the Defendants. (Doc. 1) Prior to service on the Defendants, on January 14, 2019, Plaintiff obtained leave and filed a First Amended Complaint and Jury Demand ("Complaint") against the Town of Golden Meadow and Reggie Pitre in his individual and official capacities. (Doc. 7) On January 29, 2019, J. Scott Thomas appeared for and filed an answer to the Plaintiff's Complaint on behalf of the Town of Golden Meadow (Doc. 8), and on February 13, 2019, Keith M. Detweiler appeared for and filed an answer to the Plaintiff's Complaint on behalf of Reggie Pitre in his individual and official capacities (Doc. 9).

Plaintiff's Counsel, William Most, contacted Thomas and Detweiler and voiced his objections to the Town and Chief Pitre being represented by two separate lawyers. On March 18, 2019, the Parties met in person for a deposition during which time the Parties discussed Plaintiff's concerns over the representation issues and that Plaintiff should send a settlement demand.

1

Plaintiff's Counsel agreed to an additional extension to allow defense counsel time to resolve the representation issues and said he would send a demand. Defense Counsel were left under the impression from the oral conversation, written communications and the pending motion to disqualify counsel that the deadlines by which to answer discovery including the requests for admissions would continue to be extended until the representation issues were clarified to Plaintiff's Counsel's satisfaction. On March 19, 2019, Plaintiff sent a settlement demand. Defense Counsel took the demand and the representation issues to the client and proceeded to work from their end to resolve the representation issue posed by Plaintiff's Counsel as discussed.

Instead of waiting until Defense Counsel had a chance to resolve the representation issues, Plaintiff filed a motion to disqualify Mr. Detweiler as attorney for Chief Pitre the very next day on March 20, 2019. (Doc. 12) Counsel for the Defendants were then delayed with meeting with their client to resolve the issue due to Mr. Detweiler being called to deal with severe health issues and the eventual death of Mr. Detweiler's father on March 27, 2019.

On April 23, 2019, Plaintiff's Counsel sent an email to Defense Counsel advising that the requests for admissions were going to be deemed admitted due to failure to provide timely responses. Defense Counsel immediately responded in the attached series of emails and reminded Mr. Most of his agreement to hold off on the deadlines until the representation issue was resolved. (Exs. A, B, & C) Mr. Most disagreed and insisted on deeming the admissions admitted despite the prior agreement among counsel. In a telephone discussion on April 23, 2019 between Keith Detweiler and William Most, Mr. Most acknowledged that the lapse in responses to the admissions based upon Defense Counsel's understanding that Plaintiff had agreed to informally extend the deadline was due to a mis-communication between the parties. Mr. Most even acknowledged that

the Parties should try and prevent such mis-communication going forward. However, despite his acknowledgment of the mis-communication among the parties, Mr. Most told the Defendants that he intended to deem the requests for admissions admitted. Mr. Most also suggested that the Defendants' remedy come through this motion, but would not consent to this motion. (Ex. C)

The Defendants submit that the admissions if allowed to stand will result in bias to the Defendants, because the admissions as written by Plaintiffs' Counsel create admissions of fact that are not accurate and result in erroneous factual and legal conclusions. For example, in request number 7, Plaintiffs request as written creates an admission that "On September 30, 2017, Reggie Pitre caused Charles Findley to arrest Jason Cortez". (Ex. D) The Defendants submit that this statement is factually incorrect and will prejudice the Defendants if not withdrawn. The Defendants submit that the admissions create the same result for Requests numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 23, 24, and 25. (Id.) Plaintiffs have not filed a motion to deem the admissions admitted.

Despite the pending motion to disqualify Mr. Detweiler as counsel of record and Plaintiff's continued insistence that Defendants' amend their answer to the Amended Complaint, Mr. Most maintained his position on the Requests for Admissions. Over the next several weeks, the Parties continued to brief the Motion to Disqualify Mr. Detweiler and continued to meet and confer regarding Plaintiffs' request that Defendants amend their answer to the amended complaint. Defendants also worked to respond to Plaintiffs' first and second sets of interrogatories and requests for production of documents.

On May 31, 2019, despite the continued pending motion to disqualify Mr. Detweiler, the Defendants issued their joint responses to the Plaintiffs' Interrogatories and requests for

Production, and Responses to Requests for Admissions. Mr. Most responded by repeating that the responses to the Requests for Admissions are rejected, because they were deemed admitted previously. The Defendants engaged in this discovery and prepared and at Plaintiffs' request filed two separate amended answers to the Plaintiffs' First Amended Complaint (Docs. 17 & 26), all while Plaintiffs' motion to disqualify Mr. Detweiler as Attorney of record for Chief Pitre was pending before the District Court. All of these efforts by the Defendants were done to try and cooperate with and appease the continued requests of Plaintiffs' Counsel.

On June 12, 2019, the District Court issued its opinion on the Plaintiffs' Motion to Disqualify Mr. Detweiler wherein the Court denied the Plaintiffs' motion without prejudice as premature. Plaintiffs have since issued additional sets of interrogatories and requests for production and insisted on another revision of the Defendant's Answer to the Plaintiff's amended complaint. (Doc. 41). While admittedly, there have been various delays in responding to discovery at times, the Defendants have responded to Plaintiffs' requests and interrogatories in good faith to try and accommodate the continual requests from the Plaintiffs. Defendants have also asked Plaintiffs to agree to a settlement conference to try and avoid what is becoming very costly litigation. However, Plaintiffs' Counsel will not agree to set a settlement conference until the deposition of Chief Pitre is completed. Chief Pitre's deposition is presently set for August 21, 2019.

In correspondence from Plaintiff's counsel on August 14, 2019, Mr. Most issued notice to the Parties that the deposition of Chief Pitre was going to proceed under the fact that the Requests for Admissions were deemed admitted, which is affecting the scope of his questioning.

As a result, the Defendants now respectfully move this Honorable Court pursuant to Federal Rules of Civil Procedure Rule 36 (b) for an Order withdrawing the requests for admissions

4

deemed admitted, because withdrawal will allow the presentation of the merits of the case; withdrawal will prevent any prejudice to the Defendants from having to defend against admissions of fact which are inaccurate; and the reason for the delay in answering was due to the mis-communications among Counsel caused by representations of Counsel and further complicated by the pending motion to disqualify counsel of record. The Defendants submit that the Plaintiffs should not be allowed to take advantage of the delay in responding to the requests for admissions caused by the mis-communications among Counsel. The Defendants have provided answers to discovery and various amendments to their Answers in an effort to try and cooperate with the Plaintiffs.

Counsel for Plaintiffs, William Most, was contacted via email and objects to this motion.

As a result, the Defendants respectfully move this Honorable Court to withdraw the Plaintiffs' requests for admissions deemed admitted.

Respectfully submitted,

*/s/ Keith M. Detweiler*
Keith M. Detweiler, LA S.B. # 20784
Nielsen & Treas, LLC
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
P: (504)837-2500; F: (504) 832-9165
Email: kdetweiler@nct-law.com
Counsel for Defendant, Reggie Pitre

*/s/ J. Scott Thomas*
J. Scott Thomas, La. Bar #22635
Louisiana Municipal Authority
700 North 10th Street, Suite 440 (70802)
Post Office Box 4327
Baton Rouge, Louisiana 70821
P: (225) 344-5001; F: (225) 336-5277
Email: sthomas@lma.org
Counsel for Defendant, Town of Golden Meadow

5

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 16th day of August, 2019, the foregoing pleading along with any referenced attachments was served on all counsel of record via electronic mail.

William Most
Amanda Hass
David Lanser
201 St. Charles Avenue, Suite 114, #101
New Orleans, LA 70170
Counsel for Plaintiffs

Jonathan M. Rhodes
The Rhodes Law Firm
1937 Peniston Street
New Orleans, LA 70115
Counsel for Plaintiffs

                                               */s/ Keith M. Detweiler*
                                               Keith M. Detweiler