| From: | William Most |
|---|---|
| To: | Keith Detweiler |
| Cc: | Scott Thomas |
| Subject: | Re: Cortez: Plaintiff"s Discovery Requests |
| Date: | Wednesday, April 24, 2019 8:57:39 AM |

No, I'm sorry.

On Wed, Apr 24, 2019 at 8:53 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

> Are you going to consent to the motion to withdraw deemed admissions? There is no need for he
> motion if you simply agree to the extension.
>
>
> Please note that my email address has changed to kdetweiler@nt-lawfirm.com. Thank you!
>
>
> Keith M. Detweiler, Esq.
>
> Nielsen & Treas, LLC
>
> 3838 N. Causeway Blvd.
>
> Suite 2850
>
> Metairie, Louisiana 70002
>
> Office: (504) 837-2500
>
> Cell: (504) 452-5912
>
>
> **From:** William Most <williammost@gmail.com>
> **Sent:** Wednesday, April 24, 2019 8:52 AM
> **To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
> **Cc:** Scott Thomas <sthomas@lma.org>
> **Subject:** Re: Cortez: Plaintiff's Discovery Requests
>
>
> I mean that there was a miscommunication in that I believe you when you say you thought that I
> agreed to a stay. But I honestly do not know that I said anything to lead you to reasonably
> believe - and rely upon - the idea that I was agreeing to an indefinite stay of discovery.
>
>
> Even supposing that I thought Keith's discovery responses were indefinitely stayed pending the

motion, why would Scott's responses also be indefinitely stayed? That doesn't make any sense to me.

Look, this is not a huge deal. All you have to do is file a Motion to Withdraw Deemed Admissions under FRCP 36(b).

On Wed, Apr 24, 2019 at 8:44 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

> You agreed to that on the phone. You acknowledged that there was miscommunication and that we should work toward avoiding that going forward.
>
>
> Please note that my email address has changed to kdetweiler@nt-lawfirm.com. Thank you!
>
>
> Keith M. Detweiler, Esq.
>
> Nielsen & Treas, LLC
>
> 3838 N. Causeway Blvd.
>
> Suite 2850
>
> Metairie, Louisiana 70002
>
> Office: (504) 837-2500
>
> Cell: (504) 452-5912
>
>
> **From:** William Most <williammost@gmail.com>
> **Sent:** Wednesday, April 24, 2019 8:42 AM
> **To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
> **Cc:** Scott Thomas <sthomas@lma.org>
> **Subject:** Re: Cortez: Plaintiff's Discovery Requests
>
>
> Keith,
>
>
> With all respect, I don't know that this was a "miscommunication on both sides." Can you

point to any correspondence that led you to believe I was agreeing to an indefinite stay of discovery?

I'm not trying to jam you up or seek unfair advantage. I just honestly think my duty of zealous advocacy to my clients does not let me unilaterally forgive an opposing party's admissions.

And the RFAs aren't insanely prejudicial. None of them are the elements of our claim, like "Pitre used excessive force" or "Pitre falsified evidence." They are just establishing the basic facts.

William

On Wed, Apr 24, 2019 at 8:30 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

> William,
>
> In our discussion on the phone yesterday you acknowledged that there was miscommunication on both sides that has led to where we are now. You acknowledged that going forward we should better communicate. Your position on the requests for admissions and refusal to extend the time to respond is predicated upon the miscommunication which led to us to believe that the deadline was extended as well. You claim that you are simply being a zealous advocate now that you have an advantage. However, what you are really doing is taking advantage of a situation caused in part by your participation in what you have agreed was miscommunication that led us to believe the extension applied to the requests for admissions as well. It seems the proper thing to do is acknowledge the miscommunication that led to the confusion over the deadline and agreement and proceed forward with a new and clearly agreed deadline by which to respond to the requests for admissions and other discovery. I know that if I were in your position, especially having acknowledged the miscommunication on both sides, that I would move forward and allow the responses to be made without taking the hard line position that you now tell us you want to take.
>
> Keith
>
> Please note that my email address has changed to kdetweiler@nt-lawfirm.com. Thank you!

Keith M. Detweiler, Esq.

Nielsen & Treas, LLC

3838 N. Causeway Blvd.

Suite 2850

Metairie, Louisiana 70002

Office: (504) 837-2500

Cell: (504) 452-5912


**From:** William Most <williammost@gmail.com>
**Sent:** Tuesday, April 23, 2019 3:26 PM
**To:** Scott Thomas <sthomas@lma.org>
**Cc:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Subject:** Re: Cortez: Plaintiff's Discovery Requests


Keith and Scott,


As you have seen from our past dealings, my normal practice is to agree to pretty much any request for an extension of a deadline, provided the request comes before the deadline has passed, no questions asked.


Here, however, the request comes *after* the deadline has passed. And it is based your belief that I implicitly agreed to an indefinite stay of discovery for all Defendants pending a court ruling regarding the representation of one Defendant. (Considering that I waited for two years for a ruling on a motion in the Western District, that's something I never would agree to.)


Even under those circumstances, I'd normally be willing to accept that there was a misunderstanding and let things go. But since these are binding admissions, I don't think my duty of zealous advocacy allows me to release a party from what it has admitted for nothing.


However, I am happy to agree to a two week extension for the interrogatories or RFPs. If you need more time, just let me know.

William


On Tue, Apr 23, 2019 at 11:11 AM Scott Thomas <sthomas@lma.org> wrote:

> Obviously, I am not able to look at anything and my paralegal is on vacation. Unfortunately the WiFi here isn't string enough to open the attachments.
>
> Whether accurate or not, I didn't believe the RFA's, or the other discovery, were due this week. I definitely did not calendar it that way.
>
> Given that, I would like to formally ask for an extension until next Tuesday for the RFA's which would allow me to get back to Louisiana and respond. As to the other items, I obviously will need more time on those as well.
>
> Scott
>
> Sent from my iPhone
>
> On Apr 23, 2019, at 11:38 AM, Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:
>
>> William,
>>
>> I appreciate the phone call and hope again that you will reconsider your position on the requests for admissions. As we discussed, we should work toward better communication going forward. Thanks!
>>
>> Keith
>>
>> Please note that my email address has changed to kdetweiler@nt-lawfirm.com. Thank you!

Keith M. Detweiler, Esq.

Nielsen & Treas, LLC

3838 N. Causeway Blvd.

Suite 2850

Metairie, Louisiana 70002

Office: (504) 837-2500

Cell: (504) 452-5912

**From:** William Most <williammost@gmail.com>
**Sent:** Tuesday, April 23, 2019 10:21 AM
**To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
**Cc:** Scott Thomas <sthomas@lma.org>; David Lanser <david.lanser@gmail.com>;
Amanda Hass <amanda.hass@gmail.com>; Evian Mugrabi
<evian@therhodeslawfirm.com>; Erin Walker <ewalker@lma.org>
**Subject:** Re: Cortez: Plaintiff's Discovery Requests

Keith,

With all due respect, I don't really understand what this exercise is about. In
March, you asked for time to handle "the issue on our side." I agreed. You
subsequently told me you'd made a decision - you would not be withdrawing
as counsel for Pitre in his official capacity. So we had to research, draft, and
file a motion to deal with that. Now you are asking for more time to "respond
and resolve." I don't know what there is to resolve; you made a decision, and
so we put it to the judge to decide. I guess you want to think about it again,
and maybe come to a different decision? But you aren't telling me you *will*
make a different decision.

That being said, if you need more time to respond to the RFPs and
Interrogatories, that's fine. I am happy to agree to a two week extension. But I
don't think the duty of zealous advocacy allows me to just let you off the
hook for binding admissions, so I am not agreeing to undo the already-
admitted RFAs.

William

On Tue, Apr 23, 2019 at 10:13 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

> I would like to try and resolve this issue so as not to jeopardize the defendants as a result of my trust in what I thought we had agreed to do. Given Scott's unavailability, I ask that you give us until Tuesday to respond and resolve the representation issues.
>
>
> Please note that my email address has changed to kdetweiler@nt-lawfirm.com. Thank you!
>
>
> Keith M. Detweiler, Esq.
>
> Nielsen & Treas, LLC
>
> 3838 N. Causeway Blvd.
>
> Suite 2850
>
> Metairie, Louisiana 70002
>
> Office: (504) 837-2500
>
> Cell: (504) 452-5912
>
>
> **From:** William Most <williammost@gmail.com>
> **Sent:** Tuesday, April 23, 2019 10:05 AM
> **To:** Keith Detweiler <kdetweiler@nt-lawfirm.com>
> **Cc:** Scott Thomas <sthomas@lma.org>; David Lanser <david.lanser@gmail.com>; Amanda Hass <amanda.hass@gmail.com>; Evian Mugrabi <evian@therhodeslawfirm.com>; Erin Walker <ewalker@lma.org>
> **Subject:** Re: Cortez: Plaintiff's Discovery Requests
>
>
> I don't understand. How could it not be indefinite? We have no control over when the judge rules on the motion.
>
>
> Are you proposing to withdraw as counsel for Pitre in his official capacity, and then respond to discovery by Friday?

On Tue, Apr 23, 2019 at 10:02 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:

> I expected not an indefinite stay but a delay until we got preliminary matters straightened out. Had I thought you were not going to allow the delay, I would've responded despite the continued issues with representation. I ask that you reconsider and allow us til the end of the week to clarify the representation and respond to discovery.
>
> Keith M. Detweiler
>
> On Apr 23, 2019, at 9:54 AM, William Most <williammost@gmail.com> wrote:
>
>> You thought I voluntarily agreed to an indefinite stay of discovery? Looking at my emails, it looks to me like I communicated the opposite of that.
>>
>> I first raised the capacities issue in January. Then I raised it again in March. On March 16, you said "Let us get through this deposition and we can revisit the issue on our side." I agreed to let you work it out among yourselves, "so long as it gets worked out before we start getting written discovery responses." I was saying I did NOT want to hold up discovery. Then you told me that you were not going to do anything about the issue on your side. So then we had to file the motion to disqualify.
>>
>> The whole reason I brought this up early and often was so that it would not slow things down.
>>
>> Am I missing some communication where I agreed to an indefinite extension of your discovery responses?
>>
>> On Tue, Apr 23, 2019 at 9:39 AM Keith Detweiler <kdetweiler@nt-lawfirm.com> wrote:
>>
>>> It seemed to me that we were in agreement to holdoff on responding until the representation issue was resolved. I did not expect this from you.

Keith M. Detweiler

On Apr 23, 2019, at 9:37 AM, William Most
<williammost@gmail.com> wrote:

> I'm looking back at my email. On April 3,
> 2019, Keith asked for "Will you consent to
> moving the hearing on your motion to
> disqualify me to allow for briefing? If not,
> will you consent to leave to file an opposition
> out of time?" I of course agreed.

> Where did I agree to stay all written
> discovery until the Court rules on our motion
> to disqualify? That is not something I ever
> intended to do.

> On Tue, Apr 23, 2019 at 9:17 AM Scott
> Thomas <sthomas@lma.org> wrote:

>> I am on a week long series of college tours
>> with our son. I thought we agreed to extend
>> time until the representation issues were
>> resolved.

>> Please advise.

>> Scott

>> Sent from my iPhone

>> > On Apr 23, 2019, at 9:14 AM, William
>> > Most <williammost@gmail.com> wrote:
>> >
>> > Keith and Scott,
>> >
>> > These discovery responses were due a
>> > couple of days ago. Do you need more
>> > time for the interrogatories and RPDs? If
>> > so, no problem - just let me know how
>> > much additional time you need. The RFAs,
>> > however, have been admitted by automatic
>> > operation of the FRCP, so that's done.
>> >
>> > Thank you!
>> >
>> > William
>> >

> On Fri, Mar 22, 2019 at 7:43 AM
William Most
<williammost@gmail.com<mailto:williammost@gmail.com>>
wrote:
> And attached are the documents
referenced in the discovery requests.
> [Scan_Pic0001.jpg]
> [Scan_Pic0002.jpg]
> [Scan_Pic0003.jpg]
> [Scan_Pic0004.jpg]
> [Scan_Pic0005.jpg]
>
> On Thu, Mar 21, 2019 at 5:58 PM
William Most
<williammost@gmail.com<mailto:williammost@gmail.com>>
wrote:
> Dear Scott and Keith,
>
> Please find attached Plaintiffs first set of
discovery requests. We have here RFAs to
all defendants, RPDs to all defendants, and
Interrogatories to Chief Pitre. We have
provided this in both PDF and word format
for ease of response.
>
> If any of the requests are unclear, please
let me know and I will clarify. I am also
happy to discuss any other issues - breadth,
privilege, etc. - at the outset.
>
> Thank you,
>
> William
> <Scan_Pic0001.jpg>
> <Scan_Pic0005.jpg>
> <Scan_Pic0004.jpg>
> <Scan_Pic0003.jpg>
> <Scan_Pic0002.jpg>

Attention: The information contained in this E-mail
message is attorney privileged and confidential
information intended only for the use of the individual(s)
named above. If the reader of this message is not the
intended recipient, you are hereby notified that any
dissemination, distribution or copy of this communication
is strictly prohibited. If you have received this
communication in error, please contact the sender by
reply E-mail and destroy all copies of the original
message. Thank you.

Attention: The information contained in this E-mail message is attorney
privileged and confidential information intended only for the use of the
individual(s) named above. If the reader of this message is not the

intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.

Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.

Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.

Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.

Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.

Attention: The information contained in this E-mail message is attorney privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by reply E-mail and destroy all copies of the original message. Thank you.