UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON CORTEZ, CHLOE CORTEZ, <br><br> Plaintiffs, <br> v. <br><br> REGGIE PITRE, TOWN OF GOLDEN MEADOW, ABC INSURANCE COS. 1-10 <br><br> Defendants. | Case No. 18-cv-08971-MLCF-KWR <br><br> *Jury Trial Demanded* |

## RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS TO ALL DEFENDANTS

**REQUEST FOR ADMISSION No. 1:**

No TK's Sports Bar security camera footage in any Defendant's possession shows Jason Cortez striking Reggie Pitre with a closed fist.

**RESPONSE TO REQUEST NO. 1:**

Denied.

**REQUEST FOR ADMISSION No. 2:**

Jason Cortez did not strike Reggie Pitre in the face with a closed fist on September 29 or 30, 2017.

**RESPONSE TO REQUEST NO. 2:**

Denied.

**REQUEST FOR ADMISSION No. 3:**

Jason Cortez did not strike Reggie Pitre in the face with a closed fist on the porch of TK's Sports Bar on September 29 or 30, 2017.

**RESPONSE TO REQUEST NO. 3:**

Denied.

**REQUEST FOR ADMISSION No. 4:**

On September 30, 2017, Reggie Pitre punched Jason Cortez in the face while Jason Cortez was restrained.

**RESPONSE TO REQUEST NO. 4:**

Denied as written. It is admitted that Chief Pitre did throw a punch at Jason Cortez based on his perception of the events as they rapidly unfolded and in an effort to diffuse the situation created by Jason Cortez's refusal to act reasonably, refusal to comply and refusal to submit to commands.

**REQUEST FOR ADMISSION No. 5:**

On September 30, 2017, Reggie Pitre punched Jason Cortez in the face, while Jason Cortez was being held back by another person or persons.

**RESPONSE TO REQUEST NO. 5:**

Denied.

**REQUEST FOR ADMISSION No. 6:**

On September 30, 2017, Reggie Pitre directed Charles Findley to arrest Jason Cortez for battery on a public official.

**RESPONSE TO REQUEST NO. 6:**

Denied.

**REQUEST FOR ADMISSION No. 7:**

On September 30, 2017, Reggie Pitre caused Charles Findley to arrest Jason Cortez

**RESPONSE TO REQUEST NO. 7:**

Denied.

**REQUEST FOR ADMISSION No. 8:**

Reggie Pitre advocated for the Court to set high bail for Jason Cortez.

**RESPONSE TO REQUEST NO. 8:**

Denied

**REQUEST FOR ADMISSION No. 9:**

Reggie Pitre was acting under the color of law when he grabbed Jason Cortez and escorted him outside on September 30, 2017.

**RESPONSE TO REQUEST NO. 9:**

Objection. The request is vague and confusing and calls for a legal conclusion. Subject to and without waiving the objection, it is admitted that Reggie Pitre was acting under color of law at all times

pertinent herein on September 30, 2017. All other allegations not specifically admitted are denied as written.

**REQUEST FOR ADMISSION No. 10:**

Reggie Pitre effected a seizure of Jason Cortez when he grabbed Jason Cortez and escorted him outside on September 30, 2017.

**RESPONSE TO REQUEST NO. 10:**

Denied as written.

**REQUEST FOR ADMISSION No. 11:**

Reggie Pitre was acting under the color of law when he punched Jason Cortez in the face and threw Chloe Cortez down on September 30, 2017.

**RESPONSE TO REQUEST NO. 10:**

Objection. The request is vague and confusing and calls for a legal conclusion. Subject to and without waiving the objection, it is admitted that Reggie Pitre was acting under color of law at all times pertinent herein on September 30, 2017. It is further admitted that Chief Pitre did throw a punch at Jason Cortez based on his perception of the events as they rapidly unfolded and in an effort to diffuse the situation created by Jason Cortez's refusal to act reasonably, refusal to comply and refusal to submit to commands. All other allegations not specifically admitted are denied as written.

**REQUEST FOR ADMISSION No. 12:**

Reggie Pitre reviewed TK's Sports Bar security camera footage as he wrote his Supplemental Report.

**RESPONSE TO REQUEST NO. 12:**

Admitted in part and denied in part. It is admitted that Chief Pitre reviewed the video for parts of his report. All other allegations not specifically admitted are denied as written.

**REQUEST FOR ADMISSION No. 13:**

On November 6, 2018, Chief Pitre learned about this lawsuit from a television reporter.

**RESPONSE TO REQUEST NO. 13:**

Denied as written. Chief Pitre cannot recall the date a reporter contacted him about the lawsuit.

**REQUEST FOR ADMISSION No. 14**:

On November 6, 2018, Chief Pitre learned about this lawsuit.

**RESPONSE TO REQUEST NO. 14:**

Denied as written. Chief Pitre cannot recall the date he learned about this lawsuit.

**REQUEST FOR ADMISSION No. 15**:

Once Chief Pitre learned about the civil lawsuit against him, he started to take action to prevent the dismissal of the criminal case against Jason Cortez.

**RESPONSE TO REQUEST NO. 15:**

Denied.

**REQUEST FOR ADMISSION No. 16:**

On or about November 15, 2018, Chief Pitre contacted Lafourche Parish District Attorney Kristine Russell and told her he had new evidence, and so she should not dismiss the case against Mr. Cortez.

**RESPONSE TO REQUEST NO. 16:**

Denied.

**REQUEST FOR ADMISSION No. 17:**

On or about November 15, 2018, Chief Pitre contacted Lafourche Parish District Attorney Kristine Russell and told her he had new evidence, but he did not have any new evidence.

**RESPONSE TO REQUEST NO. 17:**

Denied.

**REQUEST FOR ADMISSION No. 18:**

On or about November 15, 2018, Chief Pitre called the judge overseeing Mr. Cortez' case regarding Mr. Cortez and inquired about the power of a district attorney to dismiss a case.

**RESPONSE TO REQUEST NO. 18:**

Denied as written. Chief Pitre spoke with Judge Larose about procedure.

**REQUEST FOR ADMISSION No. 19:**

In November 2018, after November 6, Chief Pitre contacted Mike Billiot about the incident with Mr. Cortez.

**RESPONSE TO REQUEST NO. 19:**

Denied as written. Mike Billiot is Chief Pitre's neighbor and a local business owner whom Chief Pitre sees during the course of his life on a regular basis. Chief Pitre has no recollection of contacting Mike Billiot in November 2017 about the incident.

**REQUEST FOR ADMISSION No. 20:**

On or about December 6, 2018, Chief Pitre gave the District Attorney's office arrest reports and traffic tickets involving Jason Cortez.

**RESPONSE TO REQUEST NO. 20:**

It is admitted Chief Pitre met with an A.D.A. to give his testimony and to share the criminal history of Jason Cortez as to show Cortez has a history of being drunk in public and resisting police. All other allegations are denied as written.

**REQUEST FOR ADMISSION No. 21:**

On or about December 6, 2018, Chief Pitre provided the District Attorney's office with video from TK's Sports Bar.

**RESPONSE TO REQUEST NO. 21:**

Admitted.

**REQUEST FOR ADMISSION No. 22:**

The video Chief Pitre provided to the Lafourche District Attorney's office in December 2018 had already been provided to the Lafourche District Attorney's office during Mr. Findley's investigation.[1]

**RESPONSE TO REQUEST NO. 22:**

Denied as written. Chief Pitre had no direct knowledge of what else was provided to the Lafourche District Attorney's Office.

**REQUEST FOR ADMISSION No. 23:**

Chief Pitre demoted Charles Findley at least in part because of the way Mr. Findley handled the investigation of the Cortez incident.

**RESPONSE TO REQUEST NO. 23:**

Denied.

---

[1] See 2018.12.6 - DA Investigative Memo re Pitre.pdf

**REQUEST FOR ADMISSION No. 24:**

It is excessive force for an officer to strike a restrained, unarmed man in the face with a closed fist.

**RESPONSE TO REQUEST NO. 24:**

Denied as written. It depends on all of the facts in a given situation.

**REQUEST FOR ADMISSION No. 25:**

After punching Jason Cortez once, Chief Pitre tried to use force on him again.

**RESPONSE TO REQUEST NO. 25:**

Denied as written. It is admitted that Chief Pitre attempted to use reasonable force to subdue and gain control over the combative, resistant and non-compliant Mr. Cortez.

**REQUEST FOR ADMISSION No. 26:**

Admit the authenticity of the documents provided with these discovery requests.

**RESPONSE TO REQUEST NO. 26:**

Upon information and belief, it is believed that the four Golden Meadow Police Department Audit trail documents provided with these discovery requests are accurate, but they were not provided to the Plaintiff by the Defendants.

The Defendants reserve their right to supplement and/or amend these responses as becomes necessary during the course of this case.

Respectfully submitted,

**NIELSEN & TREAS, LLC**

*/s/ Keith M. Detweiler*
Keith M. Detweiler, La.S.B. # 20784
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
P: (504)837-2500
F: (504) 832-9165
Email: kdetweiler@nct-law.com

And

*/s/ J. Scott Thomas*
J. Scott Thomas, La. Bar #22635
700 North 10th Street, Suite 440 (70802)

>Post Office Box 4327
>Baton Rouge, Louisiana 70821
>Telephone: (225) 344-5001
>Facsimile: (225) 336-5277
>Email: sthomas@lma.org

### **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on this 31st day of May, 2019, the foregoing pleading along with any referenced attachments was served on all counsel of record via electronic mail.

>*/s/ Keith M. Detweiler*
>Keith M. Detweiler