UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON CORTEZ AND CHLOE CORTEZ | CIVIL ACTION |
| VERSUS | NO: 18-08971-GGG-KWR |
| REGGIE PITRE, ET AL. | SECTION: "T" (4) |

**Opposition to Defendants' Motion to Withdraw Admissions**

On March 21, 2019, Plaintiffs propounded discovery, including Requests for Admissions, on Defendants. R. Doc. 60-3 at 7. Defendants did not respond by the Fed. R. Civ. Proc. 36(a)(3) deadline. Accordingly, the requests were admitted with a "conclusively binding effect." *See Notes of Advisory Committee on Rule 36* (1970).

On April 24, 2019, Plaintiffs' counsel explained to Defendants what they needed to do, procedurally, to remedy the situation: "All you have to do is file a Motion to Withdraw Deemed Admissions under FRCP 36(b)." R. Doc. 60-4 at 2.

Defendants declined to do so for the next four months.

On August 16, 2019, five days before the scheduled deposition of Defendant Reggie Pitre, Defendants filed a motion to withdraw the admissions. R. Doc. 60. Defendants motion should be denied for four reasons:

- Because Defendants have failed to offer any argument or evidence related to the second FRCP 36(b) factor;

- Because Defendants showed no diligence in seeking withdrawal, and now Plaintiffs would be prejudiced by withdrawal;

- Because many of the proffered denials are contrary to the record; and

- Because Plaintiffs did not have to file a motion to deem the requests admitted as "Rule 36 is self-executing."

Accordingly, Plaintiffs respectfully ask this Court to deny Defendants' motion.

## I.     FACTUAL BACKGROUND

On March 21, 2019, Plaintiffs propounded discovery, including Requests for Admissions, on Defendants. R. Doc. 60-3 at 7.

By April 23, 2019, no responses had been received. Plaintiffs' counsel emailed that the Requests for Admission had "been admitted by automatic operation of the FRCP." 60-3 at 5-6.

Defendants' counsel responded that "I thought we agreed to extend time until the representation issues were resolved." R. Doc. 60-3 at 5. Plaintiff's counsel pointed out that the "representation issue" was explicitly *not* supposed to hold up discovery: Plaintiffs "agreed to let you work it out among yourselves, 'so long as it gets worked out before we start getting written discovery responses.'" R. Doc. 60-3 at 4. Plaintiffs' counsel asked "Am I missing some communication where I agreed to an indefinite extension of your discovery responses?" *Id.* Defendants' counsel did not point to any such communication. *Id.*

On April 24, 2019, Plaintiffs' counsel explained to Defendants' counsel what they needed to do, procedurally, to remedy the situation: "All you have to do is file a Motion to Withdraw Deemed Admissions under FRCP 36(b)." R. Doc. 60-4 at 2.

During the next four months, Defendants' counsel did not file such a motion.

On June 1, 2019, Plaintiffs' counsel reminded Defendants that "As you know, all the RFAs were admitted about a month and a half ago by automatic operation of the Federal Rules of Civil Procedure." Ex. A.

The parties scheduled a deposition for Defendant Reggie Pitre for August 21, 2019.

On August 14, 2019, Plaintiffs' counsel reminded the parties that the "deposition of Chief Pitre was going to proceed under the fact that the Requests for Admissions were deemed admitted, which is affecting the scope of his questioning." R. Doc. 60-1 at 4.

On August 16, 2019, Defendants filed a motion to withdraw their admissions, and a motion to expedite hearing on the motion to withdraw. R. Docs. 60 and 61.

## II.   LEGAL BACKGROUND

**A.   A failure to respond to a Request for Admission has a self-executory, "conclusively binding effect."**

Under Fed. R. Civ. Proc. 36(a)(3), a Request for Admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

An admission under Rule 36 has "a conclusively binding effect." *Notes of Advisory Committee on Rule 36* (1970). This is important because "[u]nless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated." *Id*.), *citing* 2A Barron & Holtzoff, Federal Practice and Procedure § 838 (Wright ed. 1961).

The courts have found that this conclusive effect applies equally to admissions which are made affirmatively and to those which are established by default when a responding party has failed to respond or has provided an untimely response. *See American Automobile Association, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

**B.   To withdraw deemed admissions, a party must comply with FRCP 36(b).**

A deemed admission may only be withdrawn by motion when the moving party satisfies the conditions set forth in Rule 36(b). *American Auto. Ass'n v. AAA Legal Clinic*, 930 1117, 1119 (5th Cir. 1991). That is, withdrawal must serve "the presentation of the merits of the action" and the opposing party cannot show that withdrawal "will prejudice that party." FED. R. CIV. P. 36(b). And, even when Rule 36(b)'s two-factor test has been satisfied, "a district court still has discretion to deny a request for leave to withdraw or amend an admission." *In re Carney*, 258 F. 3d 415, 419 (5th Cir. 2001).

The Fifth Circuit has recognized the "potential harshness" of default admissions, but has

3

"also emphasized that compliance with the rules of procedure is 'necessary to insure the orderly disposition of cases.'" *Le v. Cheesecake Factory Restaurants Inc.*, No. 06–20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007), *citing Carney*, 258 F.3d at 421.

### III. ANALYSIS

**A. Defendants' motion should be denied for failure to offer any argument or evidence related to the second FRCP 36(b) factor.**

Per Fed. R. Civ. Proc. 36(b), a court may only permit withdrawal of an admission if (1) "it would promote the presentation of the merits of the action" and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Defendants' motion addresses what they perceive as "bias" towards Defendants if the admissions stay admitted. R. Doc. 60-1 at 3. But nowhere in their motion do they address prejudice of withdrawal to *Plaintiffs* – the "requesting party" under FRCP 36(b). For that reason, their motion should be denied.

**B. Defendants' motion should be denied because showed no diligence in seeking withdrawal, and now Plaintiffs would be prejudiced by withdrawal.**

The Fifth Circuit has held that courts may consider "the fault of the party seeking withdrawal . . . or its diligence in seeking withdrawal" in ruling on a motion to withdraw deemed admissions. *Alford v. State Parking Services, Inc.*, N.D. Tx. 13-cv-4546 (Feb. 5, 2015), *citing Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 20007 WL 715260, at *2 (5th Cir. March 6, 2007).

Here, Defendants did not act with diligence in seeking withdrawal. On April 24, 2019, Plaintiffs' counsel explained to Defendants' counsel what they needed to do, procedurally, to remedy the situation: "All you have to do is file a Motion to Withdraw Deemed Admissions under FRCP 36(b)." R. Doc. 60-4 at 2.

On June 1, 2019, Plaintiffs' counsel reminded Defendants that, "As you know, all the RFAs were admitted about a month and a half ago by automatic operation of the Federal Rules

of Civil Procedure." Ex. A.

Defendants declined to do so for the next several months.

On August 16, 2019, they filed a motion to withdraw the admissions. They were motivated to do so because Plaintiff's counsel reminded them again that the August 21, 2019 "deposition of Chief Pitre was going to proceed under the fact that the Requests for Admissions were deemed admitted, which is affecting the scope of his questioning." R. Doc. 60-1 at 4. Defendants also filed a motion to expedite a hearing on their motion to withdraw. R. Doc. 61.

It is now approximately 42 hours before the deposition of Chief Pitre. Under the Federal Rules of Civil Procedure, the Requests for Admission have been admitted – and so Plaintiff should be able to rely on those admissions as determining the scope of the questioning. But Defendants have created substantial uncertainty about what has and has not been admitted shortly before the deposition. This will result in additional deposition and preparation costs, to the prejudice of Plaintiffs.

**C.   Defendants' motion should be denied because their proffered denials are contrary to the record.**

In ruling on a motion to withdraw admissions, the Fifth Circuit has urged courts to examine of whether a proffered denial is contrary to the record of the case. *Cheesecake Factory Restaurants Inc., supra*.

Here, many of Defendants' proffered denials are contrary to the record of the case.

In RFAs 1 to 3, Defendants propose to deny that "Jason Cortez did not strike Reggie Pitre in the face with a closed fist." R. Doc. 60-5. But in interrogatory responses, Defendants *admit* that Jason Cortez did not strike Reggie Pitre in the face with a closed fist. Ex. B at Interrogatory Response No. 17 ("I do not contend that I was struck with a closed fist from Cortez.")

Likewise, Defendants propose to deny that "Reggie Pitre punched Jason Cortez in the face while Jason Cortez was restrained" or "held back by another person or persons." R. Doc.

5

60-5 at RFAs 4 and 5. But Defendants admit that Reggie Pitre punched Jason Cortez. R. Doc. 60-5 at RFA 4; R. Doc. 41-2 (Amended Answer) at ¶ 3. And the video shows that Jason Cortez was restrained at the time. R. Doc. 7 at ¶ 24 and Fig. 2; R. Doc. 1-1 (Primary Report of Asst. Chief Findley) at 3 ("the video shows Chief Pitre punch Mr. Cortez who was being partially restrained by Mr. Billiot with a closed fist to the left side of his facial area.")

And Defendants propose to deny that "Reggie Pitre effected a seizure of Jason Cortez when he grabbed Jason Cortez and escorted him outside on September 30, 2017." R. Doc. 60-5 at RFA 10. But Defendants admit in their Answer that "Chief Pitre with the aid of others attempted to and with reasonable use of force did remove Mr. Cortez from the bar." R. Doc. 41-2 at ¶ 2. This is, of course, the definition of a seizure. *See, e.g.*, *United States v. Jacobsen*, 466 US 109, fn. 5 (1984) (defining seizure to be any "meaningful interference, however brief, with an individual's freedom of movement.")

Because many of Defendants proferred denials are contrary to the record, their motion should be rejected.

D.  **"Because Rule 36 is self-executing," Plaintiffs did not have to file a motion to deem the Requests admitted.**

Without citation to authority, Defendants support their motion with the statement that "Plaintiffs have not filed a motion to deem the admissions admitted." R. Doc. 60-1 at 3.

But Plaintiffs did not need to file such a motion. "Because Rule 36 is self-executing, all of the requests are deemed admitted by default and an order deeming the requests admitted is unnecessary." *Gauthe v. Mercer*, 15-cv-26, 2015 WL 5320651, at * 2 (M.D. La. Sept. 11, 2015). Defendants motion should be denied.

## II. Conclusion

WHEREFORE, Plaintiffs respectfully request that Defendants' motion be denied.

6

Respectfully submitted,

/s/ William Most
WILLIAM MOST, La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

JONATHAN M. RHODES, La. Bar No. 32649
T: (504) 444-3681
F: (504) 475-1013
E: jonathan@therhodeslawfirm.com